```
          UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA

                      HUNTINGTON
```

**TERRY L. PORTER,**

      **Movant,**

**v.**                              **CASE NO. 3:05-cr-00208**
                                       **CASE NO. 3:07-cv-00037**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 65, "Motion"), his Motion Requesting Transcripts (# 74), and his "Supplement Motion" (# 75). The Motion Requesting Transcripts will be addressed in a separate document. By Order entered August 25, 2010 (# 78), this action was referred to the undersigned for submission of proposed findings and recommendation for disposition.

Movant, Terry L. Porter ("Defendant"), is serving a sentence of 88 months, upon his guilty plea to possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), to be followed by a four-year term of supervised release. (Judgment in a Criminal Case entered April 25, 2006, # 60.) He was also sentenced to pay a fine of $2,500 and an assessment of $100. Id. He did not take a direct appeal.

The § 2255 Motion was filed with the Clerk on January 19,

2007.  Accordingly, Defendant's Motion was timely filed.  At the court's direction, the United States filed a response (# 69), and Defendant filed a reply (# 71).  On September 25, 2009, Defendant filed his "Supplement Motion," (# 75), in which he attempts to raise two additional grounds for relief.

Facts of the Case and Procedural History

The facts are set forth in Defendant's presentence report ("PSR").  On May 4, 2005, a deputy sheriff observed Defendant and his wife on a motorcycle; the wife threw away a plastic bag, which contained pseudoephedrine and lithium batteries, used in the manufacture of methamphetamine.  (PSR, ¶ 6, at 5.)  Defendant consented to a search of their mobile home; boxes of pseudoephedrine, acetone, and 17 film canisters containing methamphetamine (5.11 grams) were seized.  Id. ¶ 7.  On May 9, 2005, Defendant's neighbors complained to law enforcement of chemical smells emanating from the trailer.  Id. ¶ 8.  Officers seized 12.14 grams of 96% methamphetamine, and 2.19 grams of 92% methamphetamine.  Id.  Defendant gave a statement in which he admitted to manufacturing, using and selling methamphetamine for "a couple of years."  Id., ¶ 9, at 6.

The grand jury indicted Defendant on October 26, 2005 (# 1).  At arraignment, he signed his bond on October 31, 2005.  (# 13, at 1.)  On November 9, 2005, after electronic monitoring had been arranged and installed, Defendant was released from custody.  The

Order Setting Conditions of Release included the following provisions:

> (1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.
>
> \* \* \*
>
> (7) The defendant shall:
> \* \* \*
> (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
> (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

(# 13, at 2-3.)

On January 31, 2006, Defendant entered a guilty plea to Count Two of the indictment and was continued on the previously executed bond pending sentencing (## 38-42). By Order entered March 29, 2006, the Order Setting Conditions of Release was modified to provide that Defendant "shall participate in a program of inpatient or outpatient substance abuse therapy or counseling if deemed advisable by the pretrial services office or supervising officer." (# 52.) He was sentenced on April 24, 2006 (# 59).

Ground for Relief and Positions of the Parties

Defendant raised the following ground for relief:

3

> Ground one: Reduction of my sentence by 18 months was not granted because I had a speeding ticket 3 days before sentencing, when in fact this speeding ticket was dismissed 3 days after sentencing. Would you see my sentence from 88 months to 70 months.

(Motion, # 65, at 4.)

The United States contends that Defendant was not awarded a reduction in offense level for acceptance of responsibility because he had a positive urine screen for illegal drug use while on bond and after pleading guilty, not because of a speeding ticket. (# 69, at 3.) The government also points out that Defendant failed to appear for urinalysis testing on one occasion while on bond. Id. at 4. Defense counsel lodged an objection to the denial of acceptance of responsibility, which objection was overruled by Judge Chambers. Id.

Defendant filed a reply which contends as follows [spelling corrected]:

> The fact is I pled guilty and should have gotten my acceptance of responsibility for pleading guilty. * * * The fact is I pled guilty to keep from going to trial. My lawyer told me I would get my acceptance of responsibility if I took a plea agreement. A fact, yes, I had a dirty urine. I am a drug addict and have been all my life and will probably always be. I have to struggle with that the rest of my life. Why punish me twice for a dirty urine. I was punished by Judge Maurice G. Taylor, Jr. on March 29, 2006, and then again by Judge Robert C. Chambers on April 24, 2006, at sentencing by him not giving me my acceptance of responsibility.

Conclusion

> The only reason I pled guilty is to get the acceptance of responsibility. By me pleading guilty, I gave up most of my appeal rights.

4

(# 71, at 3.)

## ANALYSIS

The applicable paragraph of the PSR reads as follows:

> The defendant has not demonstrated an acceptance of responsibility for his criminal conduct. While under bond supervision and after pleading guilty to the instant offense, the defendant received a positive urine screen on February 27, 2006, for Cocaine Metabolite Benzoylecgonine. Additionally, he failed to appear for urinalysis testing at Prestera's PARC Place on March 7, 2006. These actions indicate that the defendant has not accepted responsibility for his criminal activities. Therefore, no offense level reduction as authorized by U.S.S.G. § 3E1.1 is warranted or recommended.

(PSR, ¶ 12, at 6.) Application Note 1 to § 3E1.1 states that consideration should be given to whether a defendant voluntarily terminated or withdrew from criminal conduct.

Defendant's attorney objected to the PSR's recommended denial of acceptance of responsibility, noting that it was "based on his positive drug screen." His counsel argued that Defendant had a long-standing substance abuse history and needed treatment. (PSR, at 16.) Judge Chambers overruled the objection, adopted the recommendation of the PSR, and sentenced Defendant accordingly. As noted above, Defendant did not take a direct appeal.

Motions under 28 U.S.C. § 2255 "will not be allowed to do service for an appeal." Sunal v. Large, 332 U.S. 174, 178 (1947). An appeal is a direct attack on a conviction; a § 2255 motion is a collateral attack on the conviction or sentence. Based on this well-established principle, nonconstitutional claims that could

have been raised on appeal, but were not, may not be asserted in collateral proceedings. Stone v. Powell, 428 U.S. 465, 478 n.10 (1976). The Fourth Circuit held, in United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."

To raise constitutionally-based grounds for relief in a § 2255 motion, a defendant has a "significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). He must meet the two-part "cause and actual prejudice" test. Id. at 167-68.

> To obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains.

Id. at 168. If the defendant fails to meet the actual prejudice prong of the test, it is not necessary to address "cause." Id. Cause for a procedural default can arise only from "something external to the defense," such as the novelty of the claim or ineffective assistance of counsel. Mikalajunas, 186 F.3d at 493.

The denial of acceptance of responsibility as raised by

Defendant is a non-constitutional issue, which has been procedurally defaulted by the failure to take an appeal. Even if the issue were based on the Constitution, Defendant has failed to show cause and actual prejudice for his failure to pursue the issue on appeal. Accordingly, after careful review of Defendant's § 2255 Motion and related documents, the undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to a review of his ground for relief because it was defaulted without excuse.

<u>Supplement Motion</u>

On September 25, 2009, Defendant filed a "Supplement Motion" (# 75), in which he attempts to raise two additional grounds for relief: ineffective assistance of counsel for failure to advise Defendant that use of illegal substances on pretrial release could result in denial of acceptance of responsibility; and ineffective assistance of counsel for failure to file a notice of appeal.

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four

specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's conviction became final on the 11th day after the entry of the judgment, or May 8, 2006 (May 6 was a Saturday), because he did not pursue a direct appeal. The one year period for filing a § 2255 motion expired on May 8, 2007.

Rule 15(c)(1), Federal Rules of Civil Procedure, provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: * * * (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out - or attempted to be set out - in the original pleading." Defendant's original § 2255 Motion attributed the denial of acceptance of responsibility to a speeding ticket which was dismissed, not his use of drugs. (# 65, at 4.) In his Supplement Motion, Defendant alleges ineffective assistance of counsel for the first time. (# 75, at 3.) Although denial of acceptance of responsibility is the focus of Defendant's original § 2255 Motion and his Supplement Motion, the "conduct, transaction or occurrence"

8

resulting in the denial are not the same. However, giving Defendant the benefit of the doubt, the undersigned will address whether it was ineffective assistance of counsel for Assistant Federal Public Defender Megan J. Schueler to fail to inform Defendant that he would lose acceptance of responsibility if he used drugs illegally.

The Supreme Court addressed the right to effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. Id. at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. Id. at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id. at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice.  Id. at 697.  In the context of a case in which a defendant pled guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Attorney General, 956 F.2d 1290 (4th Cir. 1992).

Assuming that Defendant is correct that Ms. Schueler did not warn Defendant of the sentencing consequences of breaking the law while on bond, such an omission was not ineffective assistance of counsel.  Defendant was informed that it was a condition of his release that he not violate any federal, state or local law.  He was warned that he would be subject to urine screens to detect the presence of controlled substances.  He knew he was addicted to controlled substances.  Any reasonable person knows and understands that there are consequences for breaking the law; Defendant's lengthy prior criminal record (PSR, ¶¶ 25-44) demonstrates that he has experienced such consequences repeatedly.  The undersigned proposes that the presiding District Judge **FIND** that Defendant was not denied effective assistance of counsel with respect to the reason for denial of acceptance of responsibility.

In his original § 2255 motion, Defendant noted, but did not complain about, his lack of a direct appeal.  (# 65, at 2.) Defendant's Supplement Motion, filed on September 25, 2009, raises the lack of an appeal for the first time, more than two years after the statute of limitations expired.  The undersigned proposes that the presiding District Judge **FIND** that Defendant's claim relating to the lack of a direct appeal does not arise "out of the conduct, transaction or occurrence set out - or attempted to be set out - in the original" § 2255 Motion and does not relate back.  Therefore, Defendant's time to raise this ground for relief expired on or about May 8, 2007.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge deny Defendant's § 2255 Motion and deny his Supplement Motion.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to

file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, and to transmit it to counsel of record.

August 26, 2010
    Date

Mary E. Stanley
United States Magistrate Judge

12